WARNER, C.J.
The appellant, Lawrence Jefferson, challenges his conviction and sentence for aggravated assault with a firearm and revocation of probation. As to his conviction, he argues that the trial court abused its discretion in preventing him from recalling a state witness, the investigating officer, whose testimony would have impeached the victim’s testimony that appellant pointed the gun at her. We affirm because appellant was never denied the right to recall the officer. Instead, the court told counsel that it was his responsibility to get the officer there. Appellant simply decided that it would take too long to get a subpoena served on the officer. Further, the testimony from the witness would not have impeached the victim’s testimony. Finally, whether or not appellant actually pointed a gun at the victim, he brandished the weapon in her presence, which we conclude is sufficient under the facts of this case to constitute an aggravated assault with a firearm.
Appellant also challenges his dual sentence as a habitual violent felony offender (“HVFO”) and a prison releasee reoffender (“PRR”) as a violation of double jeopardy. However, in Grant v. State, 770 So.2d 655, 658 (Fla.2000), the supreme court held that such dual sentencing is usually not a violation of double jeopardy principles. Nevertheless, the court held that equal concurrent sentences both as a PRR and a HVFO are not authorized by the PRR act. See id. at 659. We therefore remand to the trial court to reconsider the sentences imposed in light of Grant
Affirm conviction and remand for reconsideration of sentence.
HAZOURI, J., and BARKDULL, THOMAS H., Ill, Associate Judge, concur.